IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| B.T., by and through his mother and guardian, M.T., | CIVIL NO. 10-00456 SOM/RLP |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, | |
| Defendant. | |

ORDER DENYING MOTION FOR RECONSIDERATION

The court has reviewed the Motion for Reconsideration of Order Filed May 11, 2011, filed by M.T., mother of Plaintiff B.T. See ECF No. 40 ("Mot."); see also ECF No. 37 ("Order Affirming in Part and Reversing in Part Hearing Officer's Decision; Order Remanding Limited Issues to Hearing Officer") [hereinafter "May 11, 2011, Order"]. The motion for reconsideration is denied.

A motion for reconsideration of an interlocutory order of this court is proper only on the following grounds: (1) discovery of new material facts not previously available; (2) an intervening change in the law; or (3) a manifest error of law or fact. See LR60.1. "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Nor may the reconsideration motion be "based on evidence and legal arguments that could have been presented at the time of the challenged

decision." Comeaux v. Hawaii, Civ. No. 06-00341 SOM/BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007). "Whether or not to grant reconsideration is committed to the sound discretion of the court." White, 424 F. Supp. 2d at 1274 (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

I.        THE COURT CORRECTLY INTERPRETED JUDGE EZRA'S ORDER.

B.T.'s mother first argues that the court's denial of reimbursement for services provided by Loveland Academy after B.T. turned twenty-two years old erroneously construed a December 17, 2009, "stay put" order issued by Judge David Alan Ezra, thereby violating the law of the case doctrine and depriving B.T. of a vested property interest in tuition reimbursement without compensating him. See Mot. at 6-11; May 11, 2011, Order at 26-27; see generally 20 U.S.C. § 1415(j) (providing for stay put). This argument is unpersuasive. As the court explained in its May 11, 2011, Order, the parties agree that B.T. was not otherwise eligible to receive IDEA services when he turned twenty-two, and the court does not read Judge Ezra's ruling as allowing B.T. "to receive services under 'stay put' well after his entitlement to such services should have ended simply by keeping issues alive on appeal." See May 11, 2011, Order at 26.

In an abundance of caution, B.T.'s mother was invited to seek clarification from Judge Ezra regarding Judge Ezra's

intentions in issuing the stay put order. ECF No. 42. B.T.'s mother did so. See ECF No. 43. On July 18, 2011, Judge Ezra issued an order explaining that this court had properly interpreted his earlier stay put order as applying only while B.T. was eligible for IDEA services, i.e., until he turned twenty-two. See B.T. v. Dep't of Educ., Civ. Nos. 08-00356 DAE/BMK, 09-00059 DAE/BMK, Order Denying Pl.'s Mot. Clarification of this Court's Remand Order Entered Dec. 17, 2009, at 10 ("[T]his Court hereby clarifies that it only intended for the DOE to pay for B.T. to attend Loveland Academy while he was eligible to receive IDEA benefits."), ECF No. 159 [hereinafter "Ezra Clarification Order"].

In light of this confirmation from Judge Ezra, the court denies B.T.'s mother's motion for reconsideration. The May 11, 2011, Order created no conflict with Judge Ezra's December 17, 2009, Order, and therefore does not implicate the law of the case doctrine. Cf. Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990) (explaining that generally, the law of the case doctrine precludes a court from reconsidering an issue previously decided by the same court or a higher court in an identical case). Moreover, B.T.'s mother cannot complain that the May 11, 2011, Order constitutes a taking because the court has already determined that B.T. did not qualify for reimbursement under the stay put provision of the

3

IDEA because of his age.  <u>Accord</u> Ezra Clarification Order at 10 ("By using the term 'stay put,' however, the Court intended to convey its meaning that once B.T. reached twenty-two, he would no longer automatically be entitled to those services."). In other words, B.T. has no "property right" on which to ground a Takings Clause claim.  <u>Cf.</u> <u>Vendevere v. Lloyd</u>, 644 F.3d 957, 966 (9th Cir. 2011) (holding that fishermen had no property rights to state-issued fishing permits, and therefore could not bring a Takings Clause claim when the State modified the permits).  That B.T.'s mother may disagree with the court's ruling in this regard is not a ground for reconsideration.  <u>White</u>, 424 F. Supp. 2d at 1274.

II.  NO RECONSIDERATION IS WARRANTED REGARDING REJECTION OF B.T.'S MOTHER'S OBJECTIONS TO THE 2005 IEP.

Second, B.T.'s mother argues that the court erred in ruling that B.T.'s mother "[did] not describe how the failure to update the 2005 IEP was timely raised within two years of that failure."  Mot. at 11-12 (citing May 11, 2011, Order at 19). B.T.'s mother contends that her reply brief pointed out that the issue was properly raised to the Hearing Officer.  Mot. at 12 (citing Reply Brief, ECF No. 27, at 10-11).  The court does not grant reconsideration on this ground because B.T.'s mother raises no new facts or law, nor does she demonstrate any manifest error of law or fact.  <u>See</u> LR60.1.  Although the reply brief does assert that the issue was properly raised to the Hearing Officer,

4

it does not direct the court to any portion of the record that supports this claim, such that the court would have been able to make an ruling on the issue. See Reply Brief at 10-11. As the court explained in its May 11, 2011, Order, "[i]t is not incumbent on this court to scour the voluminous record to attempt to figure out the bases of this claim." May 11, 2011, Order at 19-20.

III.     NO RECONSIDERATION OF REMAND ORDER IS WARRANTED.

Third, B.T.'s mother argues that the remand ordered by the court is unnecessary because the facts ordered to be determined are already in the record, Mot. at 12-14, and because B.T.'s mother has already proven her case with respect to the issues the court ordered the Hearing Officer to address, Mot. at 15-18. Again, these arguments raise no facts not previously available, no intervening change in the law, and no manifest error of law or fact. Instead, B.T.'s mother merely reiterates her original contention that B.T.'s 2007 IEP denied him a FAPE and that B.T. is therefore entitled to an award of compensatory education. See Mot. at 12-18. Mere disagreement with the court's order is insufficient. White, 424 F. Supp. 2d at 1274.

B.T.'s mother also complains that "[r]esolution of this matter has been subject to inordinate delays" because, at the filing of the motion for reconsideration, the "matter" had been pending for 687 days. See Mot. at 5 n.4 (citing 34 C.F.R.

§ 300.515(a)).  This argument similarly provides no legal basis for reconsideration of the court's order.  The portion of the IDEA regulations cited requires the public agency, here, the DOE, to ensure that a Hearing Officer makes a decision within 75 days of the due process hearing.  34 C.F.R. § 300.515(a) ("The public agency must ensure that not later than 45 days after the expiration of the 30 day period under § 300.510(b), or the adjusted time periods described in § 300.510(c) . . . (1) A final decision is reached in the hearing . . . .").  The regulation purports to impose no such requirement on the appeal process before this Article III court.  This court notes in any event that the present action was filed on August 6, 2010, that briefing closed on February 18, 2011, and that the court's order affirming in part, reversing in part, and remanding in part was entered on May 11, 2011, about nine months after the present action was filed.  The motion is DENIED.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, August 31, 2011.



     /s/ Susan Oki Mollway
     Susan Oki Mollway
     Chief United States District Judge

B.T. v. Department of Education; Civil No. 10-00456 SOM/RLP; ORDER DENYING MOTION FOR RECONSIDERATION.